Nicholas Fitzgerald Esq.
Fitzgerald & Associates, P.C.
649 Newark Avenue
Jersey City, NJ 07306-2303
(201) 533-1100
Attorney for Debtors/Plaintiffs

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY -- NEWARK
---------------------------------X
                                          **Chapter 13**
In re:
                                          Case No. 11-28336-NLW
    David Konrady

    &amp;

    Adrianne Konrady

Debtors

---------------------------------X

    David Konrady

    &amp;

    Adrianne Konrady

    PLAINTIFFS

                                          ADVERSARY PRO. NO.

-against-                                 **Hon. Novalyn L. Winfield**
                                              **U.S.B.J.**

Summerhill Village Homeowners
Association, Inc.


    &amp;

Griffin & Alexander, P.C.

    &amp;

Cambridge Management

    DEFENDANTS

---------------------------------X

1

<u>**COMPLAINT SEEKING DECLARATORY JUDGMENT DETERMINING THAT IN A CHAPTER 13 BANKRUPTCY CASE POST-PETITION ASSOCIATION DUES ARE DISCHARGEABLE IN THE EVENT THE DEBTORS COMPLETE THEIR PAYMENT PLAN AND RECEIVE A DISCHARGE BECAUSE THE EXCEPTION TO DISCHARGE CONTAINED WITHIN 11 U.S.C. §523 (a) 16 IS NOT INCORPORATED WITHIN 11 U.S.C. §1328 (a) AND ALSO SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING PURSUANT TO WILFUL VIOLATION OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§362 (a)(1), (3) and (k) AND TO COMPEL RETURN OF GARNISHED FUNDS AND FOR SUCH OTHER RELIEF AS THE COURT MAY DEEM TO BE JUST AND PROPER**</u>

## I. Introduction

1. This is an action for various forms of relief as follows:

a) pursuant to Bankruptcy Rule 7001 (9) to obtain a declaratory judgment that any post-petition association dues to Defendant Summerhill Village Homeowners Association, Inc., on property titled to the debtors which is located at 2 Jefferson Drive, Spotswood, NJ 08884, in which the debtors do not reside and have not resided for approximately the last two years, will not become due during the life of the debtors' Chapter 13 case and further will be discharged upon completion of the debtor's plan payments because the exception to discharge contained within 11 U.S.C. §523 (a)(16) is not incorporated within 11 U.S.C. §1328 (a).

b) for actual, compensatory and punitive damages against the defendants pursuant to Sections 362 (a)(1), (3) and 262 (k) of the Bankruptcy Code as well as Bankruptcy Rule 7001 (7); and

2. This action is also filed to enforce the Order of Confirmation duly entered in this Chapter 13 case and to enforce and to implement other Bankruptcy Code provisions and Rules related thereto.

Jurisdiction and Venue

3. Jurisdiction of this court arises under 11 U.S.C. Section 524, 28 U.S.C. Section 1334, 15 U.S.C.A. Section 1692k(d), 28 U.S.C.A. Section 1337, and under the doctrine of pendent jurisdiction as set forth in <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715 (1966).

4. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. Section 1334 of the United States Code, and 28 U.S.C. Section 157 (b)(2) of the United States Code.

5. This matter is primarily a core proceeding and therefore the Bankruptcy Code has jurisdiction to enter a final order. However, in the event this case, or any aspect of this case, is determined to be a non-core proceeding, then and that event the plaintiffs consent to the entry of a final order by the Bankruptcy Court.

6. Venue lies in this district pursuant to 28 U.S.C. Section 1391 (b) of the United States Code.

Parties

7. The plaintiffs in this case were and are debtors under Chapter 13 of Title 11 of the United States Code in case number 11-28336-NLW, which case is presently pending before this Court. The plaintiff(s) are hereinafter referred to as the plaintiff or the plaintiffs or the debtor or the debtors.

8. The defendant, Summerhill Village Homeowners Association, Inc., (hereafter "Summerhill"), is upon information and belief a

3

corporation organized and existing under the laws of the State of New Jersey with its principal place of business located c/o Cambridge Management, 2584 Highway 9, Howell, NJ 07731.

9. Upon belief, Cambridge Management was notified of the debtors' Chapter 13 bankruptcy filing by both Defendant Griffin & Alexander, P.C. and by Defendant Summerhill.

10. The defendant, Griffin & Alexander, P.C., is the counsel representing Summerhill Village Homeowners Association, Inc.

11. Upon information and belief, the defendant, Cambridge Management, (hereafter "Cambridge") is a management company employed by Summerhill Village Homeowners Association, Inc.

**Factual Allegations**

12. The Chapter 13 case of the plaintiffs was commenced by the filing of a voluntary petition under Chapter 13 of the Bankruptcy Code via electronic filing on June 15, 2011.

13. By way of background, in 2008 the debtors had made a what they consider to have been a terrible mistake as they purchased a townhouse located at 2 Jefferson Drive, Spotswood, NJ 08884 which they couldn't afford. The mortgage, maintenance and utility bills were so high that the debtors couldn't afford the unit and they vacated the unit approximately two years before they filed their within Chapter 13 bankruptcy case.

14. Upon information and belief, Defendant Summerhill was fully aware that the plaintiffs had vacated the property located at 2 Jefferson Drive, Spotswood, NJ 08884 and that the property had remained unoccupied for a period of approximately two years prior

to the date the instant bankruptcy case was filed and they are aware that the unit remains vacant until this day.

15. Upon information and belief, Defendant Griffin & Alexander, P.C. had been informed by defendant Summerhill that the plaintiffs had vacated the property located at 2 Jefferson Drive, Spotswood, NJ 08884 and that the property had remained unoccupied for a period of approximately two years prior to the date the instant bankruptcy case was filed. Furthermore, upon information and belief, Defendant Griffin & Alexander, P.C., is aware that the property is still vacant.

16. The proposed Chapter 13 payment plan which had been filed by the debtors on June 16, 2011 in connection with their June 15, 2011 bankruptcy filing provided in Section 4 c that the property at 2 Jefferson Drive, Spotswood, NJ 08884 was to be surrendered by the debtors. Part 8 a of the plan provides that the vesting of the property of the estate is to take place not upon confirmation of the plan but upon the date the debtors receive a discharge from their debts. Pacer Docket Entry No. 4. Exhibit A

17. The defendant, Griffin & Alexander, P.C., is the law firm representing Defendant Summerhill and is the agent of Defendant Summerhill.

18. Service upon the law firm Griffin & Alexander, P.C., is sufficient notice upon Defendant Summerhill.

19. Defendant Griffin & Alexander, P.C. were twice listed on Schedule F and the creditor mailing matrix of the case as is contained in the record of the underlying Chapter 13 case as docket

number 1. See Exhibit A. The address of the Griffin & Alexander, P.C. law firm was listed as 415 Route 10, Suite 6-8, Randolph, NJ 07869. The name of the law firm was listed as Griffin Griffen & Alexander but upon information and belief, it appears that on a date unknown to the plaintiffs, the law firm changed its name from Griffin Griffen & Alexander to Griffen & Alexander but mail addressed to the law firm Griffin Griffen & Alexander still arrives at its proper location and the Griffen & Alexander law firm is still known by many people to be called Griffen Griffen & Alexander. In fact, the name Griffen Griffen & Alexander is the name which is on trust fund checks issued by the law firm Griffen & Alexander.

20. On June 18, 2011, the Bankruptcy Noticing Center sent the defendant Griffin & Alexander, PC notice of the debtors' Chapter 13 bankruptcy filing. Joseph Speetjens swore under penalty of perjury that he sent out these notices. Pacer docket number 8. See Exhibit B. There is no evidence that this written notice was undeliverable to Griffin & Alexander, PC by the United States Postal Service at the address noted.

21. The plaintiffs allege that the notice sent by the Bankruptcy Noticing Center included the following warning to all creditors:

> CREDITORS GENERALLY MAY NOT TAKE CERTAIN ACTIONS: Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code §362 and §1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or

6

foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.

22. The 341 (a) meeting of the creditors was held in Newark, New Jersey on July 26, 2011. No agent, servant or employee of defendant Summerhill attended the 341 (a) meeting of creditors.

23. Defendant Griffin & Alexander, P.C. also did not attend the 341 (a) meeting of creditors which was held in Newark, New Jersey on July 26, 2011.

24. On June 19, 2011, the Bankruptcy Noticing Center sent the defendant Griffin & Alexander, PC a copy of the debtors' proposed Chapter 13 payment plan. Joseph Speetjens swore under penalty of perjury that he mailed a copy of the debtors' proposed payment plan to Griffin Griffin & Alexander, Attorneys at Law, 415 Route 10 Suites 6-8, Randolph, NJ 07869. Pacer docket number 10. See Exhibit A. There is no evidence that this written notice was undeliverable to Griffin & Alexander, PC by the United States Postal Service at the address noted.

23. On June 19, 2011, the Bankruptcy Noticing Center sent the defendant Griffin & Alexander, PC notice of the confirmation date of the debtors' proposed Chapter 13 payment plan and the time to object thereto. Joseph Speetjens swore under penalty of perjury that he mailed a copy of the date of confirmation of the debtors' proposed payment plan and the time to object thereto to Griffin Griffin & Alexander, Attorneys at Law, 415 Route 10 Suites 6-8, Randolph, NJ 07869. Pacer docket number 9. See Exhibit B. There

is no evidence that this written notice was undeliverable to Griffin & Alexander, PC by the United States Postal Service at the address noted.

24. The plaintiffs' Chapter 13 plan was subsequently confirmed by order of this Court on August 26, 2011 as is contained in the record of the case. Neither Defendant Griffin & Alexander, P.C., nor Defendant Summerhill objected to confirmation of the debtors' payment plan. The debtors' confirmed payment plan incorporated the debtors' original plan which provided for the surrender of the property at 2 Jefferson Drive, Spotswood, New Jersey and which also provided for the vesting of the property of the estate upon discharge and not upon confirmation. Pacer Docket Number 18. See exhibit C.

25. At no time during the pendency of this case did the defendants file any objection to the discharge of the debtors' debts; nor did they file a timely adversary proceeding to contest the discharge; nor did they file any motion or make any request for a Rule 2004 examination of the Debtors.

**Pay Garnishment**

26. Prior to the debtors 15 June 2011 bankruptcy filing Defendant Summerhill had, through its counsel, Defendant Griffin & Alexander, PC, obtained a judgment against plaintiff David Konrady in the case entitled <u>Summerhill Village Homeowners Association, Inc. vs. David Konrady</u>, Docket No. DC-022761-09. Pursuant to this judgment, the debtor's pay was about to be garnished just when the debtors' case was filed.

27. On 15 June 2011, when the debtors' Chapter 13 case was filed, a pay garnishment had not been initiated against either of the debtors.

28. On 16 June 2011 debtors' counsel's employee, faxed notice of the debtors' Chapter 13 bankruptcy filing to Defendant Griffin & Alexander at fax number (973) 366-4848 in an effort to stop the pending pay garnishment. Moreover, associate counsel Anjuli Cargain specifically wrote a letter to Defendant Griffin & Alexander notifying them of the debtors' Chapter 13 bankruptcy filing.

29. Notwithstanding numerous notifications on or about July 6, 2011, a pay garnishment was commenced against the debtor, David P. Konrady's pay.

30. On July 20, 2011, Defendant Griffin Alexander, P.C., filed a proof of claim in this case on behalf of Defendant Summerhill. Exhibit D. The Plaintiff's pay was still being garnished upon the date of the filing of this claim.

31. To initiate the pay garnishment, a uniformed sheriff personally appeared at Plaintiff David Konrady's place of employment with the legal papers regarding the pay garnishment in hand.

32. The sheriff's showing up at Plaintiff David Konrady's place of employment cased the debtor and his wife extreme embarrassment and upset.

33. In reaction to the Sheriff's personal appearance at Plaintiff David Konrady's place of employment, a spouse of one of

9

Plaintiff David Konrady's co-workers telephoned the Plaintiff's wife, Adrianne Konrady. This co-worker asked about whether or not Plaintiff Adrianne Konrady was physically safe having incorrectly believed that the Sheriff had shown up at Plaintiff David Konrady's place of employment due to a domestic violence complaint. This caused extreme embarrassment to both of the plaintiffs.

34. In reaction to the pay garnishment, the debtors contacted counsel, Fitzgerald & Associates, P.C., and on July 21, 2011 Griffin & Alexander were yet again notified of the debtors' Chapter 13 bankruptcy filing by Rasheedah Pettiford, a para-legal working at Fitzgerald & Associates, PC. Ms. Pettiford requested the immediate cessation of the garnishment and a refund of the money taken from the debtor's pay.

35. Notwithstanding the request made by employees of Fitzgerald & Associates, PC, the garnishment remained on the debtors' pay until it was finally removed on August 8, 2011 and it was only removed, in the debtors' opinion, due to the actions of Plaintiff Adrianne Konrady.

36. Plaintiff Adrianne Konrady, the wife of Plaintiff David Konrady, became desperate when the garnishment was not removed from David Konrady's pay and she took action on her own to try to stop the pay garnishment. She contacted a relative, retired State Court Judge Bovino, who instructed her to personally travel to the court in Middlesex County with her bankruptcy papers and to try to stop the garnishment.

37. Plaintiff Adrianne Konrady, traveled to the Court in

Middlesex County with her bankruptcy papers in hand but she was unable to stop the pay garnishment.

38. Judge Bovino then instructed Plaintiff Adrianne Konrady, to travel to Hudson County with her bankruptcy papers to personally speak Sheriff's Officer Domenick A. Castellucci to see if he could effectuate the stopping of the garnishment of the debtor's pay. That finally appears to have worked because as of August 8, 2011 the pay garnishment was finally removed.

39. A total of $1,116.24 was garnished from Debtor David Konrady's pay. To date no portion of the $1,116.24 has been refunded to the debtors.

40. None of the defendants is entitled to a setoff of the garnished funds from the alleged post-petition association dues due because as a matter of law, no post-petition association dues are owing to the defendant or to the defendants.

## Collection Attempts

41. On July 5, 2011, over two weeks after the debtors' June 15, 2011 Chapter 13 filing date, Defendant Cambridge sent a bill to Plaintiff Adrianne Konrady alleging the amount of $11,447.77 as being due and owing. This bill included both pre and post-petition fees allegedly owed. See Copy of Bill Exhibit E

42. On August 9, 2011 Defendant Griffin & Alexander sent a letter to Nicholas Fitzgerald of Fitzgerald & Associates demanding payment of $955.00. This letter states, in part, "As of this date, **David and Adrianne Konrady** have not paid their post-petition fees to the Association for the total amount of $955.00." A copy of

this letter was sent to the debtors.  See Exhibit F.

**Legal Allegations Concerning Post-Petition Association Dues in a Chapter 13 Case**

43.  Exceptions to discharge in Chapter 13 cases are explicitly set froth within 11 U.S.C. §1328.

44.  There is no doubt that in a Chapter 7 non-payment plan bankruptcy case a provision of the law contained in 11 U.S.C. §523 (a)(16) provides that post-petition association dues are not dischargeable in bankruptcy.

45.  11 U.S.C. §523 (a)(16) is not, however, applicable to most Chapter 13 case because it was explicitly excluded as a ground for non-dischargeability within 11 U.S.C. §1328 (a).

46.  In overcoming an objection to confirmation by an association on facts virtually identical to those in this case, the Court in the unpublished opinion In re George C. Heflin, Jr., Chapter 13 Case No. 09-18642-SSM, United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division, 2010 Bankr. LEXIUS 1253, stated:

> The requirements for confirmation of a chapter 13 plan are set forth in §1325 of the Bankruptcy Code. With respect to allowed secured claims, unless the creditor accepts some other treatment, either the creditor must retain its lien and receive payments having a present value equal to the amount of its secured claim, §1325 (a)(5)(B), Bankruptcy Code, or the debtor surrenders the property securing such claim to the holder." Id. §1325 (a)(5)(C).  Potters Glen [the association] cites no express authority for the proposition that a secured creditor is entitled to post-petition payments with respect to collateral that is to be surrendered, [footnote omitted] but argues that such a requirement can be implied with respect to homeowner association dues from §523 (a)(16), Bankruptcy Code, which excepts post-petition homeowner association dues from discharge so

12

long as the debtor or the trustee has a "legal, equitable, or possessory ownership interest" in the property -- which would be true at least until a foreclosure sale is held. [Footnote omitted]. However, §523 (a)(16) doesn't apply in chapter 13 except in the rare instances when a debtor who is unable to complete payments under a plan is granted a so-called "hardship discharge" under §1328 (b), Bankruptcy Code. By contrast, a chapter 13 discharge that is granted upon completion of plan payments is significantly broader than the discharge granted an individual debtor under chapter 7, 11 or 12 and does **not** [bold added] exclude post-petition home owner association dues. See §1328 (a)(2), Bankruptcy Code (listing those paragraphs of §523 (a) that apply to a chapter 13 discharge).

47. Pre-code change published opinions in New Jersey applying New Jersey law regarding discharge of post-petition association dues have made clear that provided discharge is not prohibited by 11 U.S.C. §523(a)(16), post-petition association fees are dischargeable in Chapter 7. See,eg. Judge Wizmur's decision <u>In the Matter of Evelyn J. Mattera</u>, 203 B.R. 565 (Bankr. D. N.J. 1997) allowing the debtor to reopen her case to vacate a judgment of the state court because the post-petition condominium assessment was dischargeable. Accordingly, the law regarding dischargeability of association fees has been well established in this jurisdiction. It is important to note that sanctions were denied in <u>Mattera</u>, <u>supra</u>, because the issue was then a matter of first impression in New Jersey at that time. Since <u>Mattera</u> was published, the dischargeability of post-petition association dues is no longer a matter of first impression in New Jersey and sanctions would, accordingly, be warranted.

<u>**First Claim For Relief**</u>

**For Declaratory Judgment determining that in a Chapter 13 bankruptcy case post-petition association dues are dischargeable in**

13

the event the debtors complete their payment plan and receive a discharge, but where the debtors do not receive a hardship discharge, because the exception to discharge contained within 11 U.S.C. §523 (a)(16) is not incorporated within 11 USC §1328 (a)

48. The allegations contained in paragraphs 1 through 47 of this complaint are realleged and incorporated herein by this reference.

**WHEREFORE,** the Plaintiffs having set forth their claims for relief against Defendant Griffin & Alexander, P.C. and Defendant Summerhill and Defendant Cambridge respectfully request of the Court as follows:

A. That the plaintiffs be granted an Order entering declaratory judgment ruling that in a Chapter 13 bankruptcy case post-petition association dues are dischargeable in the event the debtors complete their payment plan and receive a discharge, but where the debtors do not receive a hardship discharge, because the exception to discharge contained within 11 U.S.C. §523 (a)(16) is not incorporated within 11 USC §1328 (a).

B. That the Plaintiffs be granted such other and further relief as the Court may deem just and proper.

### Second Claim For Relief

**Willful Violation of the Automatic Stay by Defendant Griffin & Alexander, P.C. Defendant Summerhill for Garnishment of pay; For Not Timely Stopping Pay Garnishment & for Not Refunding Garnished Funds to Debtor.**

49. The allegations contained in paragraphs 1 through 48 of this complaint are realleged and incorporated herein by this reference.

50. The actions of Defendant Griffin & Alexander, P.C. and

14

Defendant Summerhill in garnishing Plaintiff David Konrady's pay post-petition and then not taking appropriate action after the garnishment had commenced to stop the garnishment and for not refunding funds garnished from the debtor's pay constitute a violation of the stay as set forth in 11 U.S.C. §§362 (a)(1), (3) and (k).

**WHEREFORE,** the Plaintiffs having set forth their claims for relief against Defendant Griffin & Alexander, P.C. and Defendant Summerhill respectfully request of the Court as follows:

A.  That the Plaintiffs recover against these two Defendants a sum to be determined by the Court in the form of actual damages.

B.  That the Plaintiffs recover against these two Defendants a sum to be determined by the Court in the form of punitive damages.

C.  That the Plaintiffs recover against these two Defendants all reasonable legal fees and expenses incurred by their attorney.

D.  That the Plaintiffs be granted such other and further relief as the Court may deem just and proper.

### Third Claim For Relief

**Willful Violation of the Automatic Stay by Defendant Griffin & Alexander, P.C. and Defendant Summerhill and Defendant Cambridge for Sending or causing to be sent Collection Letters to Debtors Demanding Payment of Pre-Petition & Post-Petition Association Fees.**

51. The allegations contained in paragraphs 1 through 50 of this complaint are realleged and incorporated herein by this reference.

52. That the law as set forth by and as explained by Judge Ferguson in the case In re Richard D. Hawk, 314 B.R. 312 (Banr. D.

N.J. 2004) makes it perfectly clear that attempts to collect post-petition association fees violates the automatic stay contained within 11 U.S.C. §362.

53. That the actions of Defendant Griffin & Alexander, P.C. and Defendant Summerhill and Defendant Cambridge in sending letters to the debtors dated 7/5/2011 and 8/19/11 constitute a violation of the stay as set forth in 11 U.S.C. §§362 (a)(1), (3) and (k).

**WHEREFORE,** the Plaintiffs having set forth their claims for relief against Defendant Griffin & Alexander, P.C. and Defendant Summerhill and Defendant Cambridge respectfully request of the Court as follows:

A. That the Plaintiffs recover against these three Defendants a sum to be determined by the Court in the form of actual damages.

B. That the Plaintiffs recover against these three Defendants all reasonable legal fees and expenses incurred by their attorney.

C. That an injunction be issued against all three Defendants prohibiting them from taking any action to recover post-petition association fees from the debtors.

D. That the Plaintiffs be granted such other and further relief as the Court may deem just and proper.

Date: October 2, 2011

_____
Nicholas Fitzgerald
Attorney for Debtors/Plaintiffs